DUCKER, JUDGE:
Claimant, Amos Preece, alleges damages in the amount of $1,200.-00 sustained by him in the loss of five head of cattle and one hog, which animals died from poisoning by lead obtained from a bucket used by the respondent in the painting of a bridge in 1971 on U. S. Route 52, across Marrowbone Creek at the Wayne-Mingo County, West Virginia line.
The evidence is to the effect that claimant had twelve cattle in his barnyard, and he saw six or seven of them eating out of a paint bucket and fighting over it, five of which died within a period of around *236 10 or 12 days, as did also one hog which was in the barn lot. Rags which had lead paint on them and the paint bucket were found in the lot, and the cattle and hog were seen by claimant eating and fighting over the bucket and chewing the rags. The rags according to claimant’s testimony were thrown by the painters on the bridge to his property. Claimant did not know how the paint bucket got on his premises. A report from the Agricultural Research Service, A N H Division, signed by James P. McCoy, confirmed the fact that the cattle had died from lead poisoning.
Respondent admitted using lead paint to paint the bridge, and that an uncovered bucket, with about a half inch of solid lead paint, had been left by the painters, when they quit work the previous evening, behind the crane which was part of the equipment being used by the respondent in its work there. Neither the respondent nor the claimant knew how the bucket got into the claimant’s lot.
The value placed on the cattle and hog by the claimant is $1,200.-00, which would seem reasonable for the five cattle and one hog, according to market then and the weight of the animals lost. Respondent did not contest the value estimated by claimant.
The question at issue is whether the respondent was negligent and is, therefore, liable. We are of the opinion that, inasmuch as respondent knew, or should have known, of the deadly effect of lead poisoning, it should have stored any unused and unsealed buckets or quantity in such a way as not to leave it available to anyone for any disposition by others, especially so when there was cattle on property adjoining its operations. Claimant had no reason to expect a bucket containing poison to be placed or thrown by anyone on his property, and the matter would not have occurred if respondent had not left it available for such result. We conclude that the respondent was negligent in this matter.
We are of the opinion to, and do hereby award the claimant as his damages, the sum of $1,200.00.
Award of $1,200.00.